28163. KERSEY *v.* ROBINSON *et al.*

DECIDED JULY 13, 1940.

*Clayton R. Baker, Clifford E. Hay,* for plaintiff.
*S. P. Cain, Alexander & Jones,* for defendant.

STEPHENS, P. J. Mrs. Mae Kersey brought suit against W. H. Robinson and Oswald Brooks, to recover damages resulting from personal injuries suffered by her which were caused by alleged negligence of the defendants. The petition alleged that the plaintiff, a guest in the automobile in which she was riding, was injured when that automobile collided with a truck and trailer being operated by the defendant Brooks as a servant of the defendant Robinson and in the prosecution of the latter's business, and that this driver was negligent in the operation of such truck and trailer. In paragraphs 43 et seq. of the petition it was alleged that the defendant Brooks, after the collision, and while the plaintiff was helpless in the wrecked automobile, failed to render any assistance to her, but allowed her to remain therein until some other person carried her to medical aid, and that this defendant thus permitted the plaintiff to bleed profusely, all of which prolonged the plaintiff's pain and suffering and increased her injuries, and that this defendant failed and refused to give his correct name and address

or the correct name and address of the owner of the truck, but on the contrary gave a false name and falsely stated the name of the owner of the truck, in violation of law. The plaintiff further alleged that such conduct after the collision was not only a violation of law and negligence per se, but was a breach of duty and negligence constituting aggravating circumstances to be considered in fixing the amount of her damages. In other words, the plaintiff claimed thereby additional damages for prolonged and increased pain and suffering and injuries, and "additional or punitive damages to deter the wrong-doer."

The plaintiff amended the petition, striking therefrom the allegations of negligence, and alleging in general the same acts of negligence but with more clarity and in detail. Among the allegations of negligence in the amendment were the allegations denominated "specification 7," in which the plaintiff alleged that the failure of the defendant Brooks to give his name and address and that of the defendant Robinson, immediately after the accident, and his failure to render, or offer to render, assistance to the plaintiff, in violation of the penal laws of this State, were negligence causing her suffering to be prolonged, and alleged that such acts constituted aggravating circumstances for consideration by the court in determining the amount of damages. On May 8, 1939, the judge overruled the demurrer to the petition as a whole, but sustained the demurrers to paragraphs 43 et seq. of the petition, and to "specification 7" of the amendment to the petition. To this judgment the plaintiff excepted pendente lite. The trial resulted in a verdict for the defendants. Within thirty days from the rendition of the verdict and judgment, the plaintiff excepted directly to this court, assigning error in the bill of exceptions "upon her said exceptions pendente lite," and "further assigns as error the said verdict and final judgment of October 12, 1939, saying that the same were contrary to law, because the ruling on demurrer heretofore assigned as error rendered all subsequent proceedings in said case nugatory." No brief of the evidence is in the record or in the bill of exceptions. It does not appear that a motion for new trial was made.

The only alleged error relied upon by the plaintiff relates to the judgment striking from the petition, on demurrer, allegations as to the amount of damages alleged to have been received by the

plaintiff as a result of the alleged negligent and unlawful conduct of the defendants, through the act of the defendant driver, the servant of the other defendant, in leaving the scene of the accident without rendering assistance to the plaintiff after she had been injured by the defendants in the operation of the motor truck, and in failing to give the correct name and address of the defendants, in violation of law. Such damages are alleged as vindictive and punitive damages, in addition to the general damages alleged to have been sustained by the plaintiff as the result of the alleged negligence of the defendants in the operation of the truck in colliding with the automobile in which the plaintiff was riding. The damages alleged to have been sustained by the plaintiff as the result of the acts alleged in the stricken paragraphs of the petition, namely, leaving the scene of the accident, etc.; are not recoverable as damages growing out of the injuries received by the plaintiff as the result of the negligent misconduct of the defendants in the operation of the truck, but, if recoverable at all, are recoverable only as aggravated damages. No damages were sustained by the plaintiff solely by reason of the defendant's leaving the scene of the accident and not giving the correct names and addresses of the defendants. Damages sustained by the plaintiff by virtue of such conduct of the defendants, were, as alleged in the petition, additional damages accruing to the plaintiff by virtue of the injuries received as a result of the negligent acts of the defendants in colliding with the automobile in which the plaintiff was riding. The allegations therefore relate only to the measure of the plaintiff's damages and the amount of the plaintiff's recovery, and are dependent upon the right of the plaintiff to recover upon the alleged negligence of the defendants in causing the injuries sustained by the plaintiff as the result of the operation of the truck. The jury found for the defendants, thus adjudicating that the plaintiff had no right to recover. It has been held in repeated decisions that where a verdict for the defendant has been rendered in a suit for damages alleged to have been sustained by the plaintiff as a result of the tortious acts of the defendant, any error made by the court relating to the measure of damages is harmless. Irrespective of whether the court erred in sustaining the demurrers to the allegations of the petition referred to, the act of the court was harmless to the plaintiff, and could not in any way have influenced the

verdict which was rendered for the defendants. No question as to the sufficiency of the evidence to sustain the verdict, or as to any error controlling the verdict, is presented.

*Judgment affirmed. Sutton and Felton, JJ., concur.*